# 15-461

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

WING F. CHAU, HARDING ADVISORY LLC
*Plaintiffs-Appellants*,

v.

SECURITIES AND EXCHANGE COMMISSION,
*Defendant-Appellee*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF OF THE SECURITIES AND EXCHANGE COMMISSION, APPELLEE

ANNE K. SMALL
General Counsel

MICHAEL A. CONLEY
Deputy General Counsel

DOMINICK V. FREDA
Senior Litigation Counsel

DANIEL STAROSELSKY
Senior Counsel

Securities and Exchange Commission
100 F. Street, N.E.
Washington, D.C.  20549
(202) 551-5774 (Staroselsky)

TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ..............................................................................i

TABLE OF AUTHORITIES ....................................................................... iii

COUNTERSTATEMENT OF JURISDICTION ......................................................1

ISSUE PRESENTED.............................................................................1

COUNTERSTATEMENT OF THE CASE ..........................................................2

    A.    Nature of the Case ..............................................................2

    B.    Statutory Scheme................................................................3

    C.    Prior Proceedings ..............................................................7

        1.    The Commission instituted administrative proceedings against Chau, and Chau argued that the proceedings violated his constitutional rights. ...........................................7

        2.    After the Commission declined to adjourn the administrative proceeding, Chau filed a parallel suit in district court. ..............8

        3.    Chau has continued to litigate his constitutional challenges in the administrative proceeding. ...............................................9

STANDARD OF REVIEW.......................................................................10

SUMMARY OF ARGUMENT ..................................................................10

ARGUMENT ...................................................................................14

    THE FEDERAL SECURITIES LAWS PROVIDE AN EXCLUSIVE AVENUE FOR REVIEW THAT CHAU MAY NOT BYPASS BY FILING SUIT IN DISTRICT COURT..............................................................................14

**Table of Contents—Continued** **Page**

A.    Under Supreme Court jurisprudence, the question is whether it is "fairly discernible" that Congress intended to channel judicial review through the Commission's administrative process. ...............14

B.    It is "fairly discernible" that Congress intended to channel judicial review through the Commission's administrative process. ...............19

C.    Chau's action does not fall outside of this exclusive review scheme. ..............................................................................23

    1.    Chau can obtain meaningful judicial review of his claims. .....24

    2.    Chau's suit is not "wholly collateral" to the review scheme, and he cannot avoid the scheme by asserting that his equal protection claim falls outside the Commission's expertise. ....37

    3.    Chau's remaining arguments are meritless. ...........................40

CONCLUSION ...........................................................................................42

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

TABLE OF AUTHORITIES

**Cases**                                                    **Page**

*Air Line Pilots Ass'n, International v. Civil Aeronautics Board*,
   750 F.2d 81 (D.C. Cir. 1984).........................................................23

*Altman v. SEC*, 687 F.3d 44 (2d Cir. 2012) (per curiam) ............................. 3, 17, 37

*Altman v. SEC*, 768 F. Supp. 2d 554 (S.D.N.Y. 2011) ............................... 17, 36, 37

*Aref v. United States*, 452 F.3d 202 (2d Cir. 2006) (per curiam) ...........................35

*Arjent LLC v. SEC*, 7 F. Supp. 3d 378 (S.D.N.Y. 2014) .........................................29

*Bebo v. SEC*, --- F.3d ----, 2015 WL 4998489
   (7th Cir. Aug. 24, 2015) ....................................................... 3, 11, 12, *passim*

*Checkosky v. SEC*, 23 F.3d 452 (D.C. Cir. 1994)............................................. 32-33

*Coal River Energy, LLC, v. Jewell*, 751 F.3d 659 (D.C. Cir. 2014).......................18

*Daniels v. Union Pac. R.R. Co.*, 530 F.3d 936 (D.C. Cir. 2008)............... 15, 18, 29

*Deaver v. Seymour*, 822 F.2d 66 (D.C. Cir. 1987) .....................................................34

*Delgado v. Quarantillo*, 643 F.3d 52 (2d Cir. 2011) (per curiam).........................10

*Duka v. SEC*, No. 15 Civ. 357, 2015 WL 4940057 (S.D.N.Y. Aug. 3, 2015) ........19

*Eastern Bridge, LLC v. Chao*, 320 F.3d 84 (1st Cir. 2003)....................................18

*Elgin v. Department of the Treasury*, 132 S. Ct. 2126 (2012)....... 11, 12, 15, *passim*

*Fornaro v. James*, 416 F.3d 63 (D.C. Cir. 2005)....................................................18

*Fort v. American Fed'n of State, Cnty. & Mun. Emps.*,
   375 F. App'x 109 (2d Cir. 2010) .................................................................35

*Free Enterprise Fund v. Public Co. Accounting Oversight Bd.*,
   561 U.S. 477 (2010)............................................................ 9, 13, 26, *passim*

**Table of Authorities—Continued** Page

*FTC v. Standard Oil Co.*, 449 U.S. 232 (1980) .......................................... 12, 34, 40

*Germain v. Connecticut Nat'l Bank*, 930 F.2d 1038 (2d Cir. 1991) ................ 34-35

*Gray Financial Gr., Inc. v. SEC*, Dkt. 56, No. 15-cv-492-LMM
    (N.D. Ga. Aug. 5, 2015) ................................................................................19

*Gupta v. SEC*, 796 F. Supp. 2d 503 (S.D.N.Y. 2011) .............................................39

*Hill v. SEC*, Dkt. 28, No. 15-1801-LMM (N.D. Ga. June 8, 2015),
    appeal pending, No. 15-12831 (11th Cir.)............................................. 19, 21

*In re Fed. Commc'ns Comm'n*, 217 F.3d 125 (2d Cir. 2000) ................................22

*ITT Continental Baking Co. v. United States*, 559 F. Supp. 454
    (S.D.N.Y. 1983)............................................................................................37

*Jarkesy v. SEC*, 48 F. Supp. 3d 32 (D.D.C. 2014),
    appeal pending, No. 14-5196 (D.C. Cir.) ....................................................19

*John Doe, Inc. v. DEA*, 484 F.3d 561 (D.C. Cir. 2007)................................... 18, 32

*McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479 (1991) ..................................29

*Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009)........................................34

*National Taxpayers Union v. United States Social Security Admin.*,
    376 F.3d 239 (4th Cir. 2004) ......................................................................18

*Public Utility Commissioner of Oregon v. Bonneville Power
    Administration*, 767 F.2d 622 (9th Cir. 1985)...............................................22

*SEC v. R.A. Holman & Co.*, 323 F.2d 284 (D.C. Cir. 1963) ..................................23

*Shalala v. Ill. Council on Long Term Care*, 529 U.S. 1 (2000)....................... 14, 15

*Spring Hill Capital Partners, LLC v. SEC*, Dkt. 23, No. 15-cv-4542
    (S.D.N.Y June 29, 2015) ..............................................................................19

**Table of Authorities—Continued** Page

*Sturm, Ruger & Co. v. Chao*, 300 F.3d 867 (D.C. Cir. 2002) ......................... 18, 35

*Telecommunications Research & Action Ctr. v. FCC*, 750 F.2d 70
    (D.C. Cir. 1984) ..................................................................... 18, 22

*Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994)................... 3, 9, 11, *passim*

*Tilton v. SEC*, 2015 WL 4006165 (S.D.N.Y. June 30, 2015),
    appeal pending No. 15-2103 (2d Cir.)................................ 19, 29, 34, *passim*

*Timbervest v. SEC*, Dkt. 25, No. 15-cv-2106-LMM (N.D. Ga. Aug. 5, 2015) .......19

*Touche Ross & Co. v. SEC*, 609 F.2d 570 (2d Cir. 1979) ............................... 36, 37

*Weinberger v. Salfi*, 422 U.S. 749 (1975)................................................15

**Statutes**

Securities Act of 1933, 15 U.S.C. § 77a, *et seq.*

    15 U.S.C. § 77h-1(c)................................................................7
    15 U.S.C. § 77h-1(d)................................................................7
    15 U.S.C. § 77*i*(a) .................................................................5
    15 U.S.C. § 78u-3(c)................................................................7
    15 U.S.C. § 78u-3(d)................................................................7

Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.*

    15 U.S.C. § 78y........................................................................ 3, 27
    15 U.S.C. § 78y(a) ................................................................... 5, 17

Investment Company Act of 1940, 15 U.S.C. § 80a-13, *et seq.*

    15 U.S.C. § 80a-42(a) ..............................................................5
    15 U.S.C. § 80a-9(f)(3)..............................................................7
    15 U.S.C. § 80a-9(f)(4)..............................................................7

**Table of Authorities—Continued** Page

Investment Advisers Act of 1940, 15 U.S.C. § 80b-1, *et seq.*

15 U.S.C. § 80b-3(e)............................................................ 3, 19
15 U.S.C. § 80b-3(f)............................................................ 3, 19
15 U.S.C. § 80b-3(k)............................................................ 3, 19
15 U.S.C. § 80b-3(k)(3)(A) .................................................. 7, 20
15 U.S.C. § 80b-3(k)(4)(B) .................................................. 7, 20
15 U.S.C. § 80b-3(k)(4)(D) .................................................. 7, 20
15 U.S.C. § 80b-9(d)............................................................ 3, 19
15 U.S.C. § 80b-13(a)............................................ 5, 6, 20, 24, 32
15 U.S.C. § 80b-13(b) ..............................................................6

28 U.S.C. § 1291 ......................................................................1
28 U.S.C. § 1331 .................................................................. 1, 14
28 U.S.C. § 1337 ......................................................................1
28 U.S.C. § 1346 ......................................................................1
28 U.S.C. § 1361 ......................................................................1
28 U.S.C. § 2201 ......................................................................1

5 U.S.C. § 702 ..........................................................................1
5 U.S.C. § 706 ..........................................................................1

**Regulations**

17 C.F.R. §§ 201.100 *et seq.*......................................................4
17 C.F.R. § 201.110 ..................................................................4
17 C.F.R. § 201.220 ..................................................................4
17 C.F.R. § 201.222 ..................................................................4
17 C.F.R. § 201.230 ..................................................................4
17 C.F.R. § 201.232 ..................................................................4
17 C.F.R. § 201.232(a)............................................................31
17 C.F.R. § 201.320 ..................................................................4
17 C.F.R. § 201.323 .............................................................. 4, 31
17 C.F.R. § 201.326 .............................................................. 4, 31
17 C.F.R. § 201.360 ..................................................................5
17 C.F.R. § 201.360(d)(2)..........................................................5
17 C.F.R. § 201.400 ..............................................................4, 5
17 C.F.R. § 201.410(a)..............................................................5

**Table of Authorities—Continued** **Page**

17 C.F.R. § 201.411(a) ................................................5
17 C.F.R. § 201.411(c) ................................................5
17 C.F.R. § 201.452 ............................................ 5, 31, 32, 33

## Other Authorities

Answer of Respondents Harding Advisory LLC and Wing F. Chau
        (available at http://www.sec.gov/litigation/apdocuments/3-15574
        -event-19.pdf) ................................................8

*Calais Res. Inc.*, Exchange Act Release No. 67312, 2012 WL 2499349
        (June 29, 2012) ................................................32

H.R. Rep. No. 101-616 (1990) ................................................21

Initial Decision (available at http://www.sec.gov/alj/aljdec/2015/
        id734ce.pdf) ................................................10

Memorandum of Law in Support of Plaintiffs' Motion for a
        Temporary Restraining Order and a Preliminary Injunction,
        Dkt. 25, 14-cv-1903 (Mar. 19, 2014) ........................ 8-9

*optionsXpress, Inc.*, Securities Act Release No. 9466,
        2013 WL 5635987 (Oct. 16, 2013) ................................32

Respondents' Opening Brief in Support of Their Petition for Review
        (available at http://www.sec.gov/litigation/apdocuments/
        3-15574-event-167.pdf) ................................ 10, 33, 41

Respondents' Petition for Interlocutory Review and Emergency Motion
        to Stay the Hearing and Prehearing Deadlines (available at
        http://www.sec.gov/litigation/apdocuments/3-15574-event-47.pdf) .............8

Respondents' Reply Brief in Further Support of Their Petition for
        Review (available at http://www.sec.gov/litigation/apdocuments
        /3-15574-event-177.pdf) ................................................33

S. Rep. No. 101-337 (1990) ................................................21

No. 15-461

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

WING F. CHAU, HARDING ADVISORY LLC
*Plaintiffs-Appellants*,

v.

SECURITIES AND EXCHANGE COMMISSION,
*Defendant-Appellee*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

BRIEF OF THE SECURITIES AND EXCHANGE COMMISSION, APPELLEE

### COUNTERSTATEMENT OF JURISDICTION

Plaintiffs invoked the jurisdiction of the district court pursuant to 28 U.S.C. §§ 1331, 1337, 1346, 1361, and 2201, and 5 U.S.C. §§ 702 and 706. A-10, ¶9. The district court dismissed the case for lack of subject-matter jurisdiction on December 15, 2014. SPA-37. Plaintiffs filed a timely notice of appeal on February 13, 2015. A-345. This Court has jurisdiction under 28 U.S.C. § 1291.

### ISSUE PRESENTED

Whether the district court correctly held that it lacked subject-matter jurisdiction to hear this declaratory and injunctive action to terminate the Securities

1

and Exchange Commission's pending administrative enforcement proceeding due to the federal securities laws' exclusive review scheme, which provides for direct review in the courts of appeals.

**COUNTERSTATEMENT OF THE CASE**

**A.    Nature of the Case**

Appellants Wing F. Chau and Harding Advisory LLC (unless otherwise specified, collectively, "Chau") are respondents in an administrative enforcement proceeding currently pending before the Securities and Exchange Commission. Chau asserts that the Commission has violated his rights to due process and equal protection by bringing the action in an administrative—rather than judicial— forum, as the Commission is authorized to do under the federal securities laws.

After the Commission declined to halt the proceeding on these grounds, Chau filed this injunctive and declaratory action in federal district court making the same arguments and similarly requesting that the court enjoin the proceeding.  The court dismissed the case for lack of jurisdiction, emphasizing that Chau could obtain meaningful judicial review from any adverse final Commission order by filing a petition for review in the appropriate court of appeals.  Given the availability of this avenue for relief, the court held that under the statutory scheme governing review of Commission administrative proceedings, as well as controlling precedent from the Supreme Court and this Court, Chau could not bring

2

his challenge in a parallel action in district court. SPA-13-14 (applying, *inter alia*, *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), and *Altman v. SEC*, 687 F.3d 44 (2d Cir. 2012) (per curiam)). The court's ruling is consistent with a recent Seventh Circuit decision likewise holding that district courts lack jurisdiction to entertain challenges such as Chau's. *Bebo v. SEC*, --- F.3d ----, 2015 WL 4998489 (7th Cir. Aug. 24, 2015).[1]

## B.    Statutory Scheme

The federal securities laws, including the Securities Act of 1933 ("Securities Act"), the Investment Advisers Act of 1940 ("Advisers Act"), and the Investment Company Act of 1940 ("Company Act"), give the Commission discretion to address potential violations of the securities laws in either of two forums—by filing a civil enforcement action in federal district court or by instituting an administrative proceeding before the agency. *See, e.g.*, 15 U.S.C. §§ 80b-9(d), 80b-3(e), (f) and (k) (Advisers Act).[2] For cases in which the Commission institutes an administrative proceeding, the SEC's Rules of Practice govern the

---

[1]  Chau acknowledges that, because the district court dismissed the case for lack of jurisdiction, the merits of Chau's challenges to the administrative proceeding are not before this Court. Br. 4.

[2]  The Commission instituted proceedings against Chau pursuant to the Securities Act, the Advisers Act, and the Company Act. A-134. The judicial review schemes in these provisions are analogous in relevant part to the review scheme of the Securities Exchange Act of 1934, 15 U.S.C. § 78y (interpreted in *Altman v. SEC*, 687 F.3d 44 (2d Cir. 2012) (per curiam)).

proceedings and the conduct of the parties and their counsel. *See* 17 C.F.R. §§ 201.100 *et seq.*

The Rules of Practice provide, among other things, for filings and motions practice by the parties. *See, e.g.*, *id.* § 201.220 ("Answer to Allegations"); *id.* § 201.222 ("Prehearing Submissions"). They also set forth the rules of discovery, including imposing disclosure obligations on the SEC's Division of Enforcement, which prosecutes these proceedings. *See, e.g.*, *id.* § 201.230 ("Enforcement and Disciplinary Proceedings: Availability of Documents for Inspection and Copying"); *id.* § 201.232 ("Subpoenas"). Finally, the Rules of Practice prescribe the evidentiary rules applicable in administrative proceedings. *See, e.g.*, *id.* § 201.320 ("Evidence: Admissibility"); *id.* § 201.323 ("Evidence: Official Notice"); *id.* § 201.326 ("Evidence: Presentation, Rebuttal and Cross-examination").

The Rules of Practice specify that each proceeding will be presided over by the Commission itself or, if the Commission so decides, an administrative law judge ("ALJ"), who will act as the "hearing officer." *Id.* § 201.110. During the pendency of an administrative proceeding, a party may seek interlocutory review of any ruling by an ALJ by filing a petition with the full Commission, after first seeking certification to do so from the ALJ. *See id.* § 201.400. The Commission

also may at any time direct *sua sponte* that any matter before an ALJ be submitted to the Commission for its own consideration. *See id.*

At the conclusion of any proceeding in which an ALJ presides, the ALJ prepares an "initial decision." *Id.* § 201.360. A respondent may appeal the "initial decision" by filing a "petition for review" with the Commission, and the Commission may also choose to review such a decision "on its own initiative." *Id.* §§ 201.410(a), 201.411(c). The Commission engages in *de novo* review of the ALJ's decision, including permitting the submission of "additional evidence" where appropriate. *See id.* §§ 201.411(a), 201.452. Regardless of whether further review is sought, the Commission alone has the authority to issue the final decision of the agency. *See id.* §§ 201.360(d)(2), 411(a).

In similarly worded provisions, the federal securities laws provide for review in the courts of appeals of final orders of the Commission. For example, Section 213(a) of the Advisers Act provides, in relevant part, that:

> Any person or party aggrieved by an order issued by the Commission … may obtain a review of such order in the United States court of appeals within any circuit wherein such person resides or has his principal office or place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the entry of such order, a written petition praying that the order of the Commission be modified or set aside in whole or in part.

15 U.S.C. § 80b-13(a); *see also* 15 U.S.C. § 77*i*(a) (Securities Act); 15 U.S.C. §78y(a) (Exchange Act); 15 U.S.C. § 80a-42(a) (Company Act). Upon the filing

of a petition for review, the court of appeals "shall have jurisdiction," which becomes "exclusive" on the filing of the record, to "affirm, modify, or set aside such order, in whole or in part." *Id.* § 80b-13(a).

These provisions also prescribe a comprehensive process for how courts of appeals review final Commission orders, including by:  stating what constitutes the agency record; prescribing the standard of review of the Commission's factual findings; and making clear that the filing of a petition for review in the court of appeals ordinarily shall not operate as a stay of the Commission order.  *E.g.*, *id.* § 80b-13(a)-(b).  On review in the court of appeals, either party may seek leave from the court to "adduce additional evidence," and the court "may order such additional evidence to be taken before the Commission and to be adduced upon the hearing in such manner and upon such terms and conditions as to the court may seem proper." *Id.* § 80b-13(a).  Following any such remand, the Commission "may modify its findings as to the facts by reason of the additional evidence so taken, and it shall file with the court such modified or new findings." *Id.*

In contrast to these provisions generally channeling review of Commission orders to the courts of appeals, the securities laws state that district courts "shall have jurisdiction" to review challenges to Commission orders entered in administrative enforcement proceedings in only one circumstance:  where a respondent challenges a temporary cease-and-desist order, a form of emergency

relief that the Commission may enter in limited circumstances during the pendency of an administrative proceeding. *E.g.*, 15 U.S.C. § 80b-3(k)(3)(A), (4)(B) (Advisers Act). In that unique circumstance, district court proceedings provide the "[e]xclusive review" mechanism, and the appellate review process that governs orders entered in other administrative proceedings "shall not apply." *Id.* § 80b-3(k)(4)(D); *see also* 15 U.S.C. 77h-1(c)-(d) (Securities Act); 15 U.S.C. 78u-3(c)-(d) (Exchange Act); 15 U.S.C. 80a-9(f)(3)-(4) (Company Act).

## C.    Prior Proceedings

### 1.    The Commission instituted administrative proceedings against Chau, and Chau argued that the proceedings violated his constitutional rights.

On October 18, 2013, the Commission instituted administrative and cease-and-desist proceedings against Wing F. Chau and Harding Advisory LLC. A-134. Harding is a registered investment adviser and Chau is its near-100% owner, CEO, Managing Member, and Chief Compliance Officer. A-136, ¶¶ 9-10. The OIP alleged that Harding and Chau violated the antifraud provisions of the Securities Act and the Advisers Act in their role as investment managers for certain collateralized debt obligation transactions. A-146, ¶¶ 70-73.

Both before the ALJ and the Commission, Chau argued that the proceeding violates his constitutional rights. Thus, in his Answer, Chau denied the allegations of the OIP and asserted, as affirmative defenses, that the proceeding violated his

rights to due process, equal protection, and a jury trial. Answer of Respondents Harding Advisory LLC and Wing F. Chau at 12, ¶¶ 5, 10 (available at http://www.sec.gov/litigation/apdocuments/3-15574-event-19.pdf).

Following ALJ rulings rejecting Chau's various objections to the proceeding, Chau filed a petition for interlocutory review by the Commission, arguing that he needed more time to prepare for the hearing and claiming that, unless halted, the proceeding would violate his rights to due process and equal protection. Respondents' Petition for Interlocutory Review and Emergency Motion to Stay the Hearing and Prehearing Deadlines 1-2 (available at http://www.sec.gov/litigation/apdocuments/3-15574-event-47.pdf). Stressing that it could effectively remedy any alleged constitutional violations after the conclusion of proceedings before the ALJ, the Commission denied the petition. A-338-39, 344.

## 2. After the Commission declined to adjourn the administrative proceeding, Chau filed a parallel suit in district court.

Chau filed a parallel suit in federal district court, in which he repeated the constitutional arguments he had urged before the Commission and sought an injunction halting the administrative proceeding. A-8-22. Chau moved for a preliminary injunction and temporary restraining order ("TRO") to bar the ALJ from commencing the hearing. Memorandum of Law in Support of Plaintiffs' Motion for a Temporary Restraining Order and a Preliminary Injunction, Dkt. 25,

8

14-cv-1903 (Mar. 19, 2014). After a hearing, the court declined to issue a TRO. A-41, 16:17-23.

After further briefing, the district court dismissed the action for lack of jurisdiction, reasoning that permitting Chau to challenge the administrative proceeding in district court "would be 'inimical to the structure and [the] purposes' of the statutory review scheme governing SEC adjudications." SPA-14 (quoting *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 216 (1994)). Upon surveying the relevant decisions, the court determined that "one clear conclusion" they "yield[]" is that a plaintiff cannot "procure a one-way ticket out of an agency proceeding and into district court simply by raising a constitutional allegation." *Id.* ("*Thunder Basin*, *Free Enterprise Fund [v. Public Co. Accounting Oversight Bd.*, 561 U.S. 477 (2010)], and good sense say otherwise."). In sum, the court reasoned, district court jurisdiction "is not an escape hatch for litigants to delay or derail an administrative action when," as is true here, "statutory channels of review are entirely adequate." *Id.*

### 3. Chau has continued to litigate his constitutional challenges in the administrative proceeding.

After the district court dismissed Chau's federal action, the ALJ rendered his initial decision in the underlying administrative proceeding, in which the ALJ found Chau and Harding liable for some, but not all, of the violations alleged in the OIP, and granted certain of the remedies requested by the Commission's Division

9

of Enforcement, while denying other remedies. *See* Initial Decision at 58-87, 91-95 (available at http://www.sec.gov/alj/aljdec/2015/id734ce.pdf). In addition, the ALJ considered—and rejected on the merits—Chau's constitutional claims, which Chau also had attempted to raise in the district court. *Id.* at 89-90.

The Division and Chau filed cross-petitions for review of the Initial Decision. On appeal to the Commission, Chau has continued to advance the same constitutional arguments that he sought to raise in the district court. *See, e.g.*, Respondents' Opening Brief in Support of Their Petition for Review 31-37 (available at http://www.sec.gov/litigation/apdocuments/3-15574-event-167.pdf). In addition, Chau has asserted before the Commission one argument that he did not raise in district court—namely, that the Commission did not properly appoint the ALJ who presided over the hearing. *Id.* at 31-33. The case is currently pending before the Commission.

## STANDARD OF REVIEW

This Court reviews *de novo* the district court's dismissal of a case for lack of subject matter jurisdiction. *Delgado v. Quarantillo*, 643 F.3d 52, 54 (2d Cir. 2011) (per curiam).

## SUMMARY OF ARGUMENT

Congress expressly authorized the Securities and Exchange Commission to enforce the nation's securities laws through administrative proceedings and

10

provided that judicial review shall be available directly in the court of appeals. Chau is currently a respondent in such proceedings.  It is not disputed that Chau will be able to obtain review of his constitutional claims and any other contentions in this Court or in the Court of Appeals for the District of Columbia Circuit if he is aggrieved by the Commission's final order.  As the Seventh Circuit recently ruled in rejecting the same jurisdictional arguments that Chau makes here, what Chau may not do is invoke the jurisdiction of the district court to enjoin proceedings subject to direct review in the court of appeals.  *Bebo v. SEC*, --- F.3d ----, 2015 WL 4998489 (7th Cir. Aug. 24, 2015).

The Supreme Court has stressed that, when Congress establishes an exclusive avenue for review in this manner, a district court has no authority to intrude on this review process, and that litigants must instead raise their constitutional claims before the agency.  Chau cannot circumvent this rule by simply asserting a constitutional claim; indeed, the Court has made clear that a provision channeling review through the administrative process is exclusive even when the agency does not have the power to adjudicate the constitutional contentions.  *See Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 215 (1994); *Elgin v. Department of the Treasury*, 132 S. Ct. 2126, 2136-37 (2012).  Here, as in *Thunder Basin* and *Elgin*, it is "fairly discernible" from the statutory scheme that "Congress intended plaintiffs in [Chau's] position 'to proceed exclusively through

11

the statutory review scheme' set forth" in the federal securities laws. *Bebo*, 2015 WL 4998489, at *1.

Chau nevertheless urges that he will be deprived of meaningful judicial review on the ground that he cannot develop before the Commission an adequate record to support his claims. But *Elgin* rejected an identical argument, reasoning that courts of appeals can take "judicial notice of facts relevant to the constitutional question" and that the statutory scheme at issue in that case empowered the agency to develop the record if necessary to facilitate appellate review. 132 S. Ct. at 2138. The same is true here. *See Bebo*, 2015 WL 4998489, at *7 ("*Elgin* showed that the ALJ's and SEC's fact-finding capacities, even if more limited than a federal district court's, are sufficient for meaningful judicial review.").

Equally unavailing is Chau's argument that appellate review would not be meaningful because a court that considers his constitutional claims on appeal from an adverse order would be unable to enjoin the proceeding at the outset. *See* Br. 29-31. As *Bebo* held, the "Supreme Court rejected this type of argument in *FTC v. Standard Oil Co.*, 449 U.S. 232, 244 (1980), holding that the expense and disruption of defending oneself in an administrative proceeding does not automatically entitle a plaintiff to pursue judicial review in the district courts, even when those costs are 'substantial.'" 2015 WL 4998489, at *9. Indeed, *Thunder Basin* made clear that it "would be inimical to the structure and the purposes of the

12

[Act]" if a plaintiff could avoid an administrative proceeding by the simple expedient of filing a pre-enforcement constitutional challenge seeking to enjoin the proceeding.  510 U.S. at 215-16.

Chau's reliance on *Free Enterprise Fund v. Public Co. Accounting Oversight Board*, 561 U.S. 477 (2010), is misplaced because that case did not involve respondents in administrative proceedings that would be followed by judicial review.  In *Free Enterprise*, where plaintiff challenged the constitutionality of the Public Company Accounting Oversight Board, the Supreme Court emphasized that the plaintiff could obtain judicial review only by challenging a "random" Board rule or refusing to comply with a Board request, 561 U.S. at 490, and stressed that courts "normally do not require plaintiffs to bet the farm … by taking the violative action before testing the validity of the law," *id.* (internal quotation marks omitted).  By contrast, in this case, Chau "is already the respondent in a pending enforcement proceeding, so [he] does not need to risk incurring a sanction voluntarily just to bring [his] constitutional challenges before a court of competent jurisdiction."  *Bebo*, 2015 WL 4998489, at *9.

13

## ARGUMENT

### THE FEDERAL SECURITIES LAWS PROVIDE AN EXCLUSIVE AVENUE FOR REVIEW THAT CHAU MAY NOT BYPASS BY FILING SUIT IN DISTRICT COURT.

Congress has allocated the initial resolution of legal questions arising in Commission administrative enforcement proceedings to the Commission itself, followed, if necessary, by direct review in the courts of appeals. The federal securities laws' comprehensive and specialized scheme of judicial review leaves no room for parallel district court proceedings such as those Chau has initiated here.

### A. Under Supreme Court jurisprudence, the question is whether it is "fairly discernible" that Congress intended to channel judicial review through the Commission's administrative process.

The Supreme Court has "often drawn" a critical distinction "between a total preclusion of review and postponement of review," explaining that a "strong presumption against preclusion of review is not implicated by provision[s] postponing review." *Shalala v. Ill. Council on Long Term Care*, 529 U.S. 1, 19 (2000). The issue Chau raises—whether a respondent in a Commission administrative enforcement proceeding is required to challenge that proceeding under a special statutory review procedure (such as that which Congress provided in the federal securities laws), or may alternatively bring suit in district court under the general federal-question-jurisdiction statute (*e.g.*, 28 U.S.C. § 1331)—is a

14

question of channeling, not of total preclusion. *See, e.g.*, *Ill. Council*, 529 U.S. at 13; *Weinberger v. Salfi*, 422 U.S. 749, 762 (1975); *Bebo*, 2015 WL 4998489, at \*3.

Channeling judicial review through an agency's administrative process "is not only of unquestionable constitutionality," but "is also manifestly reasonable" because it can assure an agency the first crack at resolving a plaintiff's objections while still allowing for judicial review at the end of the administrative process. *Salfi*, 422 U.S. at 762. Courts accordingly have "cautioned against adopting a narrow interpretation" of such review provisions, reasoning that to do so would "encourage[] forum shopping and encourage[] dissatisfied claimants to 'jump the gun' by going directly to the district court to develop their case instead of exhausting their administrative remedies before the agency." *Daniels v. Union Pac. R.R. Co.*, 530 F.3d 936, 943 n.12 (D.C. Cir. 2008) (internal quotation marks omitted) (brackets in original).

Consistent with this recognition, rather than requiring a "heightened standard" or "clear statement from Congress that it intended to foreclose judicial review in any forum," the operative inquiry in this case is "whether it is 'fairly discernible' from the statute that Congress intended the plaintiff "to proceed exclusively through the statutory review scheme." *Bebo*, 2015 WL 4998489, at \*3 & n.1 (quoting *Elgin v. Dep't of the Treasury*, 132 S. Ct. 2126, 2132-33 (2012)); *see also Thunder Basin*, 510 U.S. at 207.

15

In *Thunder Basin*, for example, the Court concluded that Congress had implicitly channeled petitioner's pre-enforcement statutory and constitutional challenges to an anticipated enforcement proceeding through procedures provided in the Federal Mine Safety and Health Amendments Act of 1977 (the "Mine Act"). 510 U.S. at 202-16. Those procedures routed challenges to agency enforcement proceedings through an administrative review process with judicial review in the court of appeals. *Id.* at 206. Notwithstanding that the Mine Act was "facially silent" about whether the scheme was the exclusive route for pressing "pre-enforcement claims" (*i.e.*, suits brought in advance of any enforcement action by the Department of Labor), the Court held that the statutory scheme "prevent[ed] a district court from exercising subject-matter jurisdiction over a pre-enforcement challenge to the Act" that included a constitutional due-process challenge to the adequacy of the Mine Act's very review procedures. *Id.* at 202, 208. The Court reasoned that the Mine Act provided a "detailed structure" for review of enforcement actions—which tracks closely the review scheme in the federal securities laws—and that, even if the petitioner's constitutional claim could not be addressed by the agency in the first instance, it could be "meaningfully addressed in the Court of Appeals." *Id.* at 207, 215; *see id.* at 208 (Mine Act's structure "demonstrates that Congress intended to preclude challenges such as the present one"). "To uphold the District Court's jurisdiction in these circumstances," the

16

Court reasoned, "would be inimical to the structure and the purposes of the Mine Act." *Id.* at 216.

Consistent with *Thunder Basin*, this Court has held that Exchange Act Section 25(a), 15 U.S.C. § 78y(a)—which is analogous in relevant part to the review scheme in the securities law provisions involved in this case—was the exclusive route for a plaintiff's constitutional attacks on a Commission administrative proceeding. *Altman v. SEC*, 687 F.3d 44, 45-46 (2d Cir. 2012) (per curiam), *aff'g Altman v. SEC*, 768 F. Supp. 2d 554 (S.D.N.Y. 2011). In that case, Altman sued in district court to enjoin a Commission order barring him from practicing law before the Commission. He claimed that the administrative proceeding against him violated his due process and equal protection rights and that the Commission acted beyond its constitutional authority in banning him from practice before the Commission. 768 F. Supp. 2d at 558-61. The district court dismissed the case for lack of subject-matter jurisdiction, *id.* at 562, and this Court affirmed, holding that Section 25(a) "generally preclude[s] *de novo* review in the district courts, requiring litigants to bring challenges 'in the Court of Appeals or not at all'" and "suppl[ies] the jurisdictional route that Altman must follow to challenge the SEC action in this case." 687 F.3d at 45-46 (citations omitted).

Finally, in *Bebo*, the Seventh Circuit reached the same conclusion in rejecting the identical jurisdictional arguments that plaintiff raises here. While

17

facing charges in a Commission administrative proceeding, Bebo—like Chau—filed a lawsuit in federal district court challenging on equal protection and due process grounds the Commission's authority to conduct the proceeding. 2015 WL 4998489, at *2. The district court dismissed the case for lack of jurisdiction, and the Seventh Circuit affirmed, ruling that "[i]t is 'fairly discernible' from the statute that Congress intended plaintiffs in Bebo's position 'to proceed exclusively through the statutory review scheme' set forth" in the federal securities laws. *Id.* at *1. The court reasoned that the "most critical thread in the case law is … whether the plaintiff will be able to receive meaningful judicial review without access to the district courts." *Id.* at *8. This factor was satisfied, the court reasoned, because Bebo "is already a respondent in a pending administrative proceeding" and "[i]f aggrieved by the SEC's final decision, Bebo will be able to raise her constitutional claims in this circuit or in the D.C. Circuit." *Id.* at *1.[3]

---

[3] For other cases holding that litigants cannot bypass a statutory review scheme that channels judicial review through an agency's administrative process by filing challenges in the district courts, see, e.g., *Coal River Energy, LLC, v. Jewell*, 751 F.3d 659, 664 (D.C. Cir. 2014); *Daniels*, 530 F.3d at 943-44; *John Doe, Inc. v. DEA*, 484 F.3d 561, 569, 570 (D.C. Cir. 2007); *Fornaro v. James*, 416 F.3d 63, 68 (D.C. Cir. 2005) (Roberts, J.); *National Taxpayers Union v. United States Social Security Admin.*, 376 F.3d 239, 242 (4th Cir. 2004); *Eastern Bridge, LLC v. Chao*, 320 F.3d 84, 90-91 (1st Cir. 2003); *Sturm, Ruger & Co. v. Chao*, 300 F.3d 867, 872 (D.C. Cir. 2002); *Telecommunications Research & Action Ctr. v. FCC*, 750 F.2d 70, 78-79 (D.C. Cir. 1984).

**B.    It is "fairly discernible" that Congress intended to channel judicial review through the Commission's administrative process, and Chau's contrary interpretation would impermissibly interfere with this Court's jurisdiction.**

**1.**  The district court correctly held that permitting Chau to seek relief in the district court "would be 'inimical to the structure and [the] purposes' of the statutory review scheme governing SEC adjudications."  SPA-14 (quoting *Thunder Basin*, 510 U.S. at 216).[4]  Like the review scheme in *Thunder Basin*, the federal securities laws provide for a comprehensive agency administrative process with direct review of final agency orders in a court of appeals.  At the outset, the securities laws grant the Commission the authority to file an administrative proceeding for potential violations of those laws.  *See, e.g.*, 15 U.S.C. 80b-9(d), 80b-3(e), (f) and (k) (Advisers Act).  After the completion of the administrative process, those laws provide for review in the appropriate "United States court of

---

[4]  In addition to the Court's decision in *Altman* and the Seventh Circuit's ruling in *Bebo*, the district court's dismissal also is consistent with other district court rulings.  *See, e.g.*, *Tilton v. SEC*, 2015 WL 4006165 (S.D.N.Y. June 30, 2015) (no district court jurisdiction to hear Appointments Clause challenge), appeal pending No. 15-2103 (2d Cir.); *Spring Hill Capital Partners, LLC v. SEC*, Dkt. 23, No. 15-cv-4542 (S.D.N.Y June 29, 2015) (same); *Jarkesy v. SEC*, 48 F. Supp. 3d 32, 37-38 (D.D.C. 2014) (same), appeal pending, No. 14-5196 (D.C. Cir.).  *But see Duka v. SEC*, No. 15 Civ. 357, 2015 WL 4940057 (S.D.N.Y. Aug. 3, 2015) (finding jurisdiction to consider separation of powers challenge to SEC administrative enforcement proceeding) (notice of appeal filed Aug. 26, 2015); *Hill v. SEC*, Dkt. 28, No. 15-1801-LMM (N.D. Ga. June 8, 2015) (May, J.) (same), appeal pending, No. 15-12831 (11th Cir.); *Gray Financial Gr., Inc. v. SEC*, Dkt. 56, No. 15-cv-492-LMM (N.D. Ga. Aug. 5, 2015) (May, J.) (same); *Timbervest v. SEC*, Dkt. 25, No. 15-cv-2106-LMM (N.D. Ga. Aug. 5, 2015) (May, J.) (same)

appeals," which shall exercise "exclusive" jurisdiction "to affirm, modify, or set aside such order, in whole or in part" after the Commission has filed the record on review.  15 U.S.C. § 80b-13(a).  These review provisions also prescribe a comprehensive process for seeking to "adduce additional evidence" or for the appellate court to remand for further proceedings before the Commission, as appropriate.  *Id.*  As in *Thunder Basin*, such a "detailed structure for reviewing" Commission orders "precludes district court jurisdiction over the … challenge made here."  510 U.S. at 207; *see also Elgin*, 132 S. Ct. at 2133-34 (holding that, "[g]iven the painstaking detail" of the statutory review scheme, "it is fairly discernible that Congress intended to deny [aggrieved persons] an additional avenue of review in district court").

That Congress intended to foreclose alternative methods of judicial review for challenges like Chau's is further evidenced by the fact that the securities laws state that federal district courts "shall have jurisdiction" over challenges to Commission orders entered in administrative proceedings in only one narrow circumstance:  where a respondent challenges a temporary cease-and-desist order.  *E.g.*, 15 U.S.C. § 80b-3(k)(3)(A), (4)(B) (Advisers Act); *see also supra* at 7.  In these cases—and only in these cases—the district court proceedings provide the "[e]xclusive review" mechanism, such that the otherwise applicable review process "shall not apply."  *Id.* § 80b-3(k)(4)(D).  Congress's express grant of district-court

20

jurisdiction in this limited circumstance "demonstrates that Congress knew how to provide alternative forums for judicial review based on the nature of [the enforcement] claim." *Elgin*, 132 S. Ct. at 2134.

Moreover, the legislative history of this provision—which Congress added to the federal securities laws in 1990—provides "persuasive evidence that Congress intended to direct ordinary challenges under the … Act to a single review process." *Thunder Basin*, 510 U.S. at 211. Both the Senate and House Reports differentiate between the district-court-review provision for temporary cease-and-desist orders and the review procedure that applies to the Commission's issuance of a "permanent cease-and-desist order," which "may be appealed to a U.S. Court of Appeals *in the same way as any other SEC order entered under the securities laws*." S. Rep. No. 101-337 at 14-15 (1990) (emphasis added); *see also* H.R. Rep. No. 101-616 at 26 (1990). Congress thus intended to channel all other challenges to Commission administrative proceedings through the agency process itself, with judicial review available only in the courts of appeals.[5]

---

[5] That the Commission can invoke the district court's jurisdiction at the outset of a case does not suggest—as one district court erroneously found, *see Hill v. SEC*, No. 15-1801-LMM (N.D. Ga. June 8, 2015) (same), appeal pending, No. 15-12831 (11th Cir.)—that the district court can exercise jurisdiction when the Commission does *not* file suit in district court and instead initiates administrative proceedings. Indeed, in *Thunder Basin*, the Mine Act "expressly … empower[ed] the *Secretary* … to coerce payment of civil penalties" by filing actions in district court. 510 U.S. at 209. As the Supreme Court recognized, authorization of district court jurisdiction over actions by "the *Secretary*" did not require finding jurisdiction for

**2.** A related but separate principle likewise precludes a district court from enjoining proceedings that are subject to direct oversight in the court of appeals. This Court and other courts have explained that "[w]here a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the *exclusive* review of the Court of Appeals." *In re Fed. Commc'ns Comm'n*, 217 F.3d 125, 140 n.10 (2d Cir. 2000) (quoting *Telecommunications Research & Action Ctr. ("TRAC") v. FCC*, 750 F.2d 70, 78-79 (D.C. Cir. 1984)). Relying on the *TRAC* analysis, the Ninth Circuit in *Public Utility Commissioner of Oregon v. Bonneville Power Administration*, 767 F.2d 622 (9th Cir. 1985) (Kennedy, J.), held that a district court lacked jurisdiction to consider a constitutional challenge to an agency proceeding based on the asserted bias of the agency decision maker. The court explained that because "disposition of petitioners' claim of bias could affect our future statutory review authority, we have exclusive jurisdiction to consider it." *Id.* at 627. The Ninth Circuit determined it would consider the challenge to the fairness of the proceeding only on review of final action, noting that doing so would "avoid the disruption, delay, and piecemeal review that accompany interference with pending administrative proceedings." *Id.* at 629. The D.C.

---

suits by mine operators, who "enjoy no corresponding right but are to complain to the Commission and then to the court of appeals." *Id.*

Circuit reached the same conclusion in *Air Line Pilots Ass'n, International v. Civil Aeronautics Board*, 750 F.2d 81 (D.C. Cir. 1984), and declined to exercise its own mandamus authority to address a claim of agency bias, observing that "[t]o stay the administrative processes while a court was engaged in an extended inquiry into the claimed disqualification of members of the administrative body could lead to a breakdown in the administrative process which has long been criticized for its slow pace." *Id.* at 88 (quoting *SEC v. R.A. Holman & Co.*, 323 F.2d 284, 287 (D.C. Cir. 1963)).

Likewise here, Chau's various challenges to the ongoing administrative proceeding against him affect the prospective jurisdiction of the court of appeals— either this Court or the D.C. Circuit—over the Commission's final order. Under *TRAC* principles, therefore, judicial review of his claims is vested exclusively in the courts of appeals. Nothing in the Advisers Act or the federal securities laws contemplates the district court entertaining parallel challenges seeking to enjoin the Commission's enforcement proceedings.

### C. Chau's action does not fall outside of this exclusive review scheme.

Chau nevertheless urges that he may pursue a district court action because judicial review following an administrative proceeding will not be meaningful, and because his constitutional challenges are unrelated to the merits of his case and

23

present a question outside the Commission's expertise.  Br. 25-37.  The Seventh

Circuit recently rejected exactly these claims.  *Bebo*, 2015 WL 4998489.

> ### 1.     Chau can obtain meaningful judicial review of his claims.

The review scheme in the federal securities laws does not "foreclose all

meaningful judicial review" of Chau's claims; rather, it ensures it.  Chau's

complaint sought injunctive and declaratory relief to "enjoin[] the Commission

from pursuing its OIP against [Chau] administratively and from otherwise

violating [Chau's] equal protection and due process rights."  A-22.  The object of

Chau's suit is to set aside the proceeding currently before the Commission on

appeal.  But there is no dispute that if Chau ultimately is "aggrieved" by the "final

order of the Commission" that will be entered at the conclusion of his

administrative appeal, he may immediately seek review of that order in a court of

appeals pursuant to the jurisdiction-channeling provision in the review scheme.

*E.g.*, 15 U.S.C. § 80b-13(a) (Advisers Act).  The appellate court, in turn, can

decide whether to grant him the relief he seeks by setting aside any final order

issued against him after considering his constitutional arguments and any other

grounds for appeal that he raises.

*Elgin v. Dep't of the Treasury*, 132 S. Ct. 2126 (2012), disposes of Chau's

criticisms of the adequacy of court of appeals' review of an adverse Commission

order.  *Bebo*, 2015 WL 4998489, at *7 (recognizing that *Elgin* "undermine[s]

24

Bebo's effort to skip administrative adjudication and statutory judicial review here"). Plaintiffs in *Elgin* were former federal competitive-service employees who failed to comply with the registration requirements of the Military Selective Service Act, and were thus barred from federal employment. *Elgin*, 132 S. Ct. at 2131. Their suit argued that the statutes were unconstitutional and sought declaratory and injunctive relief. *Id.*

Holding that the review scheme of the Civil Service Reform Act ("CSRA") was exclusive, the Court rejected the view of dissenting Justices that would have "carve[d] out for district court adjudication only facial constitutional challenges to statutes." *Elgin*, 132 S. Ct. at 2135. The Court made clear that the district court lacked jurisdiction over both as-applied and facial challenges, *id.*, and reaffirmed *Thunder Basin*'s holding that it was immaterial that the agency would likely lack authority to determine the plaintiffs' constitutional claims, *id.* at 2136-37.

The Court in *Elgin* also rejected plaintiffs' reliance on "three additional factors in arguing that their claims are not the type that Congress intended to be reviewed within the CSRA scheme," noting that plaintiffs invoked the "'presum[ption] that Congress does not intend to limit [district court] jurisdiction if "a finding of preclusion could foreclose all meaningful judicial review"; if the suit is "wholly collateral to a statute's review provisions"; and if the claims are "outside the agency's expertise."'" 132 S. Ct. at 2136 (alteration in original)

25

(quoting *Free Enter.*, 561 U.S. at 489 (quoting, in turn, *Thunder Basin*, 510 U.S. at 212-13)).

The Court rejected plaintiffs' contention "that the CSRA review scheme provides no meaningful review of their claims because the [agency] lacks authority to declare a federal statute unconstitutional." *Elgin*, 132 S. Ct. at 2136. The Court found it unnecessary to resolve whether the agency had such authority, explaining that "*Thunder Basin* … held that Congress' intent to preclude district court jurisdiction was fairly discernible in the statutory scheme '[e]ven if' the administrative body could not decide the constitutionality of a federal law," *id.* at 2136-37, because "[t]hat issue … could be 'meaningfully addressed in the Court of Appeals' that Congress had authorized to conduct judicial review," *id.* at 2137. The Court observed that "[l]ikewise, the CSRA provides review in the Federal Circuit, an Article III court fully competent to adjudicate petitioners' claims that [the challenged statute and Selective Service] registration requirement are unconstitutional." *Id.*

The Court explained that there are "many threshold questions that may accompany a constitutional claim and to which the [agency] can apply its expertise." *Elgin*, 132 S. Ct. at 2140. Accordingly, it found unpersuasive plaintiffs' argument "that their constitutional claims are not the sort that Congress intended to channel through the [agency] because they are beyond the [agency's]

26

expertise," observing that "preliminary questions unique to the employment context may obviate the need to address the constitutional challenge," *id.*, and that the challenge to the application of the statutes was not "wholly collateral," *id.* at 2139-40.

As *Elgin* makes clear, and as this Court in *Altman* recognized, the availability of direct review in a court of appeals provides meaningful judicial review. The availability of such review is the "key factor," *Bebo*, 2015 WL 4998489, at *9, distinguishing this case from *Free Enterprise*, on which Chau relies. In *Free Enterprise*, the Supreme Court considered whether Exchange Act Section 25, 15 U.S.C. § 78y, foreclosed review of an Article II challenge to the Public Company Accounting Oversight Board. An accounting firm that (unlike plaintiffs here) was not the subject of administrative proceedings sought a declaration that the Accounting Board was unconstitutional on the ground that the "Board's existence" violated the Appointments Clause and the separation of powers. 561 U.S. at 487, 490.

Emphasizing considerations not present here, the Court concluded that unless petitioners could proceed in district court, "[w]e do not see how petitioners could meaningfully pursue their constitutional claims." *Free Enter.*, 561 U.S. at 490. The Court first noted that "Section 78y provides only for judicial review of *Commission* action, and not every Board action is encapsulated in a final

27

Commission order or rule." *Id.* Here, by contrast, there is no dispute that the administrative proceedings against Chau will result in "*Commission* action" that, if adverse to Chau, will be subject to review in this Court or the Court of Appeals for the D.C. Circuit. *See Bebo*, 2015 WL 4998489, at *1 (because Bebo can seek review of a final Commission order in an appropriate court of appeals, "a finding of preclusion does not foreclose all meaningful judicial review").

The Court then rejected the government's suggestion that there was a meaningful avenue of judicial review because the firm could generate a reviewable Commission order by seeking Commission review of a Board rule or incurring a sanction. *Free Enter.*, 561 U.S. at 490. The Court explained that the firm could not properly be required "to select and challenge a Board rule at random" and—in that sense—the firm's challenge "to the Board's existence" was "'collateral' to any Commission orders or rules from which review might be sought." *Id.* The Court added that "[r]equiring petitioners to select and challenge a Board rule at random" would be "an odd procedure for Congress to choose," and would be especially odd "because only *new* rules, and not existing ones, are subject to challenge." *Id.*

The Court then rejected the alternative contention that petitioners could refuse to comply with a Board request and then "raise their claims by appealing a Board sanction." *Free Enter.*, 561 U.S. at 490. The Court held that this did not constitute a "meaningful avenue of relief" because courts "normally do not require

plaintiffs to bet the farm … by taking the violative action before testing the validity

of the law."  *Id.* at 490-91 (internal quotation marks omitted); *accord McNary v.*

*Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 496 (1991) ("[I]f not allowed to pursue

their claims in the District Court, respondents would not as a practical matter be

able to obtain meaningful judicial review" of their claims.); *see also Daniels*, 530

F.3d at 943 ("[T]he availability of effective judicial review is the touchstone of the

*McNary* exception.").[6]

Here, by contrast, Chau "is already the respondent in a pending enforcement

proceeding, so [he] does not need to risk incurring a sanction voluntarily just to

bring [his] constitutional challenges before a court of competent jurisdiction."

*Bebo*, 2015 WL 4998489, at *9; *accord Tilton v. SEC*, 2015 WL 4006165, at *9

(S.D.N.Y. June 30, 2015), appeal pending No. 15-2103 (2d Cir.).  The

administrative proceedings will culminate in a Commission order that, if adverse to

Chau, will be subject to direct review in the court of appeals.  There is no dispute

that if Chau is aggrieved by the Commission's final order, he can seek review of

his constitutional claims and any other contentions in the appropriate appellate

---

[6]  *Arjent LLC v. SEC*, 7 F. Supp. 3d 378 (S.D.N.Y. 2014), which Chau cites
repeatedly, is likewise distinguishable on this basis.  There, the court declined to
dismiss on jurisdictional grounds a suit to enjoin an allegedly unconstitutional
Commission investigation that had not yet matured into a filed administrative
action, finding "all judicial review" would be "foreclose[d]" because the "SEC has
no administrative procedure for raising such a claim."  *Id.* at 384.

court.  Chau need not challenge a "random" rule or "bet the farm" by violating the law.  *Bebo*, 2015 WL 4998489, at *9.

Chau nevertheless asserts (Br. 25-26) that this Court's review of any adverse decision by the Commission would not be meaningful because the administrative proceeding "is not designed for and cannot be relied upon to develop a record adequate to support meaningful review" of his equal protection claim.  But this argument also is foreclosed by *Elgin*.[7]  In that case, petitioners argued that appellate review was not "meaningful" because of purported deficiencies in the factual record.  But the Court rejected their claim, reasoning that the court of appeals could take "judicial notice of facts relevant to the constitutional question" and that "the CSRA empowers the MSPB to take evidence and find facts for [the

---

[7]  Chau appears not to challenge the district court's ruling insofar as the court found that it lacked jurisdiction to address his due process claim.  Rather, Chau seeks a remand for further proceedings "with respect to [his] equal protection claim" (Br. 40) only, and elsewhere in his brief repeatedly asserts that dismissal of the equal protection claim was erroneous, while making no argument regarding the due process challenge.  *See, e.g.*, Br. 33 ("Chau and Harding have asserted an equal protection claim [and this] claim is 'wholly collateral.'").  Even if Chau were appealing the dismissal of his due process claim, such an appeal would fail for the same reasons as those applicable to his equal protection claim.  *See generally Bebo* (affirming dismissal of due process challenge).  As *Elgin* held, the nature of a constitutional claim is irrelevant to whether a litigant can bypass a statutory review process to which he is subject.  *See, e.g.*, 132 S. Ct. at 2135 (rejecting distinction between "facial" and "as-applied" constitutional challenges, and noting that a "jurisdictional rule based on the nature of a ... constitutional claim would deprive [litigants], the [agency], and the district court of clear guidance about the proper forum for … claims at the outset of the case.").

court of appeals'] review." 132 S. Ct. at 2138; *see also Bebo*, 2015 WL 4998489, at *7 ("*Elgin* showed that the ALJ's and SEC's fact-finding capacities, even if more limited than a federal district court's, are sufficient for meaningful judicial review.").

In any event, Chau's characterization of the Commission's evidentiary procedures is incorrect both as a general matter and specifically in this case. The review scheme here affords parties in administrative proceedings multiple avenues for developing a record with facts necessary for an appellate court to resolve their claims. The Commission's Rules of Practice permit the Commission or an ALJ to take notice of "any material fact which might be judicially noticed by a district court of the United States, any matter in the public official records of the Commission, or any matter which is peculiarly within the knowledge of the Commission as an expert body." 17 C.F.R. § 201.323. The Rules also permit any party in an administrative proceeding to request the issuance of a subpoena for "documentary or other tangible evidence" or for testimonial evidence at the hearing. *See id.* § 201.232(a). If a subpoena request is denied, or if a party believes that the evidentiary record of an administrative proceeding is otherwise deficient, the party may file a motion with the full Commission "for leave to adduce additional evidence" at any time before the issuance of the Commission's final decision. *Id.* § 201.452.

31

The Commission, too, has broad authority to develop and supplement the administrative record:  it "may accept or hear additional evidence … or may remand or refer the proceeding to a hearing officer for the taking of additional evidence, as appropriate."  *Id.*; *see optionsXpress, Inc.*, Securities Act Release No. 9466, 2013 WL 5635987, at *8-10 (Oct. 16, 2013) (granting in part and denying in part respondents' motions under Rule 452 to adduce additional evidence, and taking judicial notice of certain evidence); *Calais Res. Inc.*, Exchange Act Release No. 67312, 2012 WL 2499349, at *4 n.19 (June 29, 2012) (granting motions by both respondent and the Enforcement Division to adduce additional evidence).

Finally, the statutory review provisions permit a party challenging a Commission decision before an appellate court to seek "leave to adduce additional evidence" and, if the court agrees the record should be supplemented, it may "order such additional evidence to be taken before the Commission … upon such terms and conditions as to the court may seem proper."  15 U.S.C. § 80b-13(a); *see, e.g.*, *John Doe, Inc. v. DEA*, 484 F.3d 561, 569, 570 (D.C. Cir. 2007) (holding that "concern over the lack of a comprehensive administrative record is not sufficient cause to narrow the scope of" an exclusive review provision because "where an insufficient administrative record is crippling, a court of appeals always has the option of … remanding to the agency for further factual development"); *Checkosky v. SEC*, 23 F.3d 452, 457 n.5 (D.C. Cir. 1994) (discussing evidence "produced to

32

the Commission" after the Commission's decision and noting that, "[o]f course, the Commission is free to consider this and other newly discovered evidence in reaching its decision on remand").

Indeed, Chau sought to subpoena documents and testimony in this very case, and, as the district court correctly held, his "failure to obtain what [he] sought was not a product of the SEC Rules of Practice" but "a consequence of a privilege ruling that might well have been reached by a district court." SPA-26. Under the Commission's Rules of Practice, Chau can appeal this discovery ruling to the Commission (*see* 17 C.F.R. § 201.452); indeed, Chau has argued in his petition for review to the Commission that his inability to obtain this evidence warrants setting aside the ALJ's initial decision. *See* Respondents' Opening Brief in Support of Their Petition for Review 35 & n.33 (available at http://www.sec.gov/litigation/apdocuments/3-15574-event-167.pdf); Respondents' Reply Brief in Further Support of Their Petition for Review 19 (available at http://www.sec.gov/litigation/apdocuments/3-15574-event-177.pdf). In all events, as noted above, if the Commission ultimately issues an adverse decision in his case, Chau can raise all of these same arguments before the appellate court and may seek leave from that court to adduce additional evidence.[8]

---

[8] For the same reason, Chau's complaint (Br. 26) about his inability to file counterclaims in the administrative proceeding is irrelevant: as the district court recognized, the "SEC's procedures" have not "condemned plaintiffs'

There is likewise no merit to Chau's argument (Br. 29-31) that the review scheme should not be held to be exclusive because that would preclude him from seeking to enjoin the proceeding at the outset. As *Bebo* reasoned, "[t]he Supreme Court rejected this type of argument in *FTC v. Standard Oil Co.*, 449 U.S. 232, 244 (1980), holding that the expense and disruption of defending oneself in an administrative proceeding does not automatically entitle a plaintiff to pursue judicial review in the district courts, even when those costs are 'substantial.'" 2015 WL 4998489, at *9. *Cf. Deaver v. Seymour*, 822 F.2d 66, 70-71 (D.C. Cir. 1987) (rejecting argument that alleged violation of plaintiff's rights arising from prosecution by allegedly unconstitutional independent counsel could not be remedied). As one district court put it in rejecting this argument, "[o]ftentimes in our system, a party challenging the legality of the very proceeding or forum in which she is litigating must 'endure' those proceedings before obtaining vindication." *Tilton*, 2015 WL 4006165, at *5 (citing *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108-09 (2009) ("We routinely require litigants to wait until after final judgment to vindicate valuable rights, including rights central to our adversarial system."), and *Germain v. Connecticut Nat'l Bank*, 930 F.2d 1038,

---

[constitutional] claim[s] to failure," and such claims "will be ripe for appellate examination in due course in the event that [Chau] lose[s] in the administrative arena." SPA-27. And in any event, Chau can raise his constitutional challenges as affirmative defenses.

34

1040 (2d Cir. 1991) (order denying motion to strike jury demand not immediately appealable)).

The exception to the enforceability of exclusive statutory review schemes that Chau is proposing "could swallow the schemes themselves; indeed, any arguably plausible claim in district court that an administrative proceeding should be enjoined as unconstitutional could confer jurisdiction and thus thwart Congress' intent to the contrary." *Tilton*, 2015 WL 4006165, at *5. "Every person hoping to enjoin an ongoing administrative proceeding could make [such an] argument, yet courts consistently require plaintiffs to use the administrative review schemes established by Congress." *Bebo*, 2015 WL 4998489, at *9 (citing, among other cases, the district court's decision in this case and *Sturm, Ruger & Co. v. Chao*, 300 F.3d 867, 876 (D.C. Cir. 2002) ("Our obligation to respect the review process established by Congress bars us from permitting [the plaintiff] to make this end run.")); *see also Fort v. American Fed'n of State, Cnty. & Mun. Emps.*, 375 F. App'x 109, 111 (2d Cir. 2010) (rejecting "plaintiffs' contention that trial itself constituted irreparable harm" where "appeals were available" and "the claimed injury of [an adverse decision] was both speculative and redressable"); *Aref v. United States*, 452 F.3d 202, 206 (2d Cir. 2006) (per curiam) (denying mandamus petition seeking to halt criminal proceeding that allegedly violated due process

35

rights, as any such constitutional harms can be remedied by judicial review

following an appeal, and a reversal of the decision below).

Chau's reliance (*see* Br. 29-30) on *Touche Ross & Co. v. SEC*, 609 F.2d 570

(2d Cir. 1979), for the contrary conclusion is misplaced. In *Touche*, this Court

held that the district court had jurisdiction over a claim that the SEC had no

statutory authority to enact attorney disciplinary rules. That decision issued before

the guidance later provided by *Thunder Basin* and *Elgin*, and Chau's reliance on

that case cannot be squared with the district court's analysis in *Altman* which, as

discussed further below, was explicitly endorsed by this Court on appeal. *See*

*Tilton*, 2015 WL 4006165, at *7 n.3.

*Altman* involved a claim not meaningfully distinguishable from those

presented here: "Altman challenges the SEC's constitutional authority to continue

administrative proceedings against him, and to issue the sanction resulting from

those proceedings[.]" 768 F. Supp. 2d at 561. First rejecting Altman's reliance on

*Free Enterprise*, the district court explained that Altman thus "asks for the 'judicial

review of *Commission* action,' which the *Free Enterprise* Court indicated would

fall directly under Section 78y." *Id.* The court stressed that "any constitutional

challenge raised in his administrative proceedings will be meaningfully addressed

in the Court of Appeals should Altman appeal the SEC's sanction against him."

36

*Id.* "Thus," the court declared, "Altman's reliance on *Free Enterprise* does not insulate him from the Exchange Act's procedural requirements." *Id.*

The district court then found Altman's "secondary reliance" on *Touche Ross* to be "equally misplaced." *Altman*, 768 F. Supp. 2d at 561. The court noted that "[c]ourts have read *Touche Ross* narrowly" and "found its application especially inappropriate when a litigant invokes it to avoid agency review procedures, or when the agency in question is not 'acting "plainly beyond its jurisdiction."'" *Id.* at 562 (quoting *ITT Continental Baking Co. v. United States*, 559 F. Supp. 454, 455-56 (S.D.N.Y. 1983) (quoting, in turn, *Touche Ross*, 609 F.2d at 576)).

On appeal in *Altman*, this Court held that the district court had correctly disposed of each of Altman's arguments, "holding that Section 25(a) does, under this Circuit's precedent, supply the jurisdictional route that Altman must follow to challenge the SEC action in this case" and "that the exception identified in *Touche Ross* did not apply, and that none of the factors in *Thunder Basin*/*Free Enterprise* militated in favor of district court jurisdiction." *Altman*, 687 F.3d at 46.

### 2. Chau's suit is not "wholly collateral" to the review scheme, and he cannot avoid the scheme by asserting that his equal protection claim falls outside the Commission's expertise.

Chau mistakenly argues that his equal protection "claim" is "wholly collateral" to the administrative process because the "claim" "can be proven even if Chau … were guilty of all the conduct charged by the SEC." Br. 33. But the

question is whether "the *suit* is 'wholly collateral to a statute's review provisions.'"

*Elgin*, 132 S. Ct. at 2136 (quoting *Free Enter.*, 561 U.S. at 489 (emphasis added)).

Chau's suit is not because its very existence "flows from the fact that [he is] the

subject of the proceeding that [he] seek[s] to enjoin." *Tilton*, 2015 WL 4006165, at

*12. "[U]nlike in *Free Enterprise*, where the petitioners' claims were necessarily

collateral to any administrative review scheme because they were not subject to an

administrative proceeding at the time they filed their action," Chau is "already

within the review mechanism." *Id.* Therefore, as the district court correctly ruled,

Chau's challenge "is not 'wholly collateral' to the SEC proceeding, but of a piece

with it." SPA-31.[9]

In any event, as *Bebo* recognized, even if a suit like Chau's could be

considered to be "wholly collateral" to the administrative proceeding it seeks to

enjoin, that "does not affect the outcome" of the jurisdictional analysis. 2015 WL

4998489, at *8. The "most critical thread in the case law is … whether the

plaintiff will be able to receive meaningful judicial review without access to the

---

[9] Citing the district court's statement in a single sentence of its opinion that Chau's equal protection claim "*relate[s] to* the outcome of the SEC action," SPA-30-31 (emphasis added), Chau argues that the district court erroneously "replac[ed]" the "'wholly collateral' test with an unworkable 'related to' test" (Br. 33). But the full context of the court's discussion demonstrates that the court understood that under *Thunder Basin*—which the court cited repeatedly—the inquiry is whether the suit is "wholly collateral" to the review scheme.

district courts." *Id.* Because such review is available in this case, district courts
lack jurisdiction to entertain suits like Chau's.

Nor can Chau avoid the exclusive review scheme by arguing that federal
courts are "'at no disadvantage'" vis-à-vis the Commission in adjudicating his
equal-protection claim (Br. 35 (quoting *Gupta v. SEC*, 796 F. Supp. 2d 503, 512
(S.D.N.Y. 2011)), and by criticizing the district court for pointing out the
undisputed fact that the Commission can address all of Chau's arguments in the
first instance (Br. 36). Indeed, as described above, in *Elgin* and *Thunder Basin*, the
Court found that the statutorily prescribed review scheme was exclusive even
though it was questionable whether the agencies even had authority to consider
those challenges. *Elgin*, 132 S. Ct. at 2140; *see also Thunder Basin*, 510 U.S. at
215; *Bebo*, 2015 WL 4998489, at *7 ("[*Elgin*] established that jurisdiction does not
turn on whether the SEC has authority to hold [the statutory provision plaintiffs
challenged] unconstitutional, nor does it hinge on whether Bebo's constitutional
challenges fall outside the agency's expertise").

As in *Elgin* and *Thunder Basin*, the Commission can bring to bear its
expertise on questions at the heart of this case. In fact, the Commission has
preliminarily done so already when it addressed Chau's equal protection arguments
in ruling on his petition for interlocutory review. *See* A-342. The Commission's
adjudication of this issue on Chau's appeal of the ALJ's initial decision could

39

further "alleviate constitutional concerns" about the Commission's use of the administrative forum, or the Commission could resolve the proceeding in Chau's favor, thus avoiding the constitutional issues altogether. *Elgin*, 132 S. Ct. at 2140; *see also Standard Oil*, 449 U.S. at 244 n.11 ("[T]he possibility that [the] challenge may be mooted in adjudication warrants the requirement that [the plaintiff] pursue adjudication, not shortcut it.").

### 3. Chau's remaining arguments are meritless.

Chau's remaining criticisms of the district court are misplaced. To begin, he mistakenly contends that in dismissing his suit the district court "improperly relied on its own policy assessments" rather than the controlling case law. Br. 37. The Supreme Court has made clear that, in evaluating whether a review scheme is exclusive, courts should consider whether such a holding would further the purposes of the review scheme at issue. *See, e.g.*, *Elgin*, 132 S. Ct. at 2135-36. Therefore, when the district court cited several policy considerations—including that Chau's position, if "[t]aken to its logical conclusion," would "upend all manner of administrative enforcement schemes" (SPA-32); *see also Bebo*, 2015 WL 4998489, at *9 (similar)—it was not "exceed[ing] its authority and answer[ing] the incorrect question," as Chau argues (Br. 38). Rather, the court was appropriately exploring the consequences of a ruling that the review scheme is—or is not—exclusive.

40

Also flawed are Chau's contentions that (1) by dismissing the case the district court prevented him from arguing that the administrative proceeding was defective because the Commission did not properly appoint the presiding ALJ; and (2) had he raised such an argument, the district court would have had jurisdiction over it. *See* Br. 3-4, 25, 31, 34, 37. The district court clearly did not err by addressing the arguments that Chau made rather than those he failed to raise. Moreover, even if Chau had challenged the appointment of the ALJ in the district court, dismissal for lack of subject matter jurisdiction still would have been proper. *See Tilton v. SEC*, 2015 WL 4006165 (dismissing such a challenge for lack of jurisdiction); *Bebo* (affirming dismissal of an Article II challenge to the Commission's use of ALJs). And to the extent that Chau is suggesting that the district court's dismissal has prevented adjudication of the claim, he is mistaken. In his petition for review before the Commission, Chau has argued that the administrative proceeding was void because the ALJ was improperly appointed. Respondents' Opening Brief in Support of Their Petition for Review 31-33 (available at http://www.sec.gov/litigation/apdocuments/3-15574-event-167.pdf). If the Commission ultimately rules against him, Chau will be able to seek review in an appropriate court of appeals of that claim or any other claim he has raised before the Commission.

41

CONCLUSION

The judgment of the district court should be affirmed.

Respectfully submitted,

ANNE K. SMALL
General Counsel

MICHAEL A. CONLEY
Deputy General Counsel

DOMINICK V. FREDA
Senior Litigation Counsel

*/s/ Daniel Staroselsky*

DANIEL STAROSELSKY
Senior Counsel
Securities and Exchange Commission
100 F. Street, N.E.
Washington, D.C. 20549
August 2015                                    (202) 551-5774 (Staroselsky)

42

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 9,746 words, excluding the parts exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

I also certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface—Times New Roman, 14 point—using Microsoft Word.

                                          /s/ *Daniel Staroselsky*

August 28, 2015                           Daniel Staroselsky

## CERTIFICATE OF SERVICE

I certify that, on August 28, 2015, I electronically filed the response brief of the Securities and Exchange Commission using the Court's CM/ECF system, which served those documents on counsel for Wing F. Chau and Harding Advisory LLC. On the same day, I sent seven hard copies of the brief by overnight delivery to the Clerk at the U.S. Court of Appeals for the Second Circuit, Thurgood Marshall U.S. Court House, 40 Foley Square, New York, NY 10007. Additionally, I sent two paper copies of the brief by overnight delivery to appellants' counsel at this address:

> Alex Lipman
> Ashley Baynham
> BROWN RUDNICK LLP
> Seven Times Square
> New York, NY 10036

> /s/ *Daniel Staroselsky*
> Daniel Staroselsky